# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

LAKESHA L. NORINGTON,      )
                              )

           Petitioner,      )
                              )

      v.                    )      CAUSE NO.: 3:15-CV-412-TLS
                              )

SUPERINTENDENT,        )
                              )

           Respondent.     )

## OPINION AND ORDER

Lakesha L. Norington, a prisoner proceeding pro se, filed a habeas corpus petition challenging a prison disciplinary hearing conducted at the Westville Control Unit in case number WCC-15-06-0281, where a disciplinary hearing officer found her guilty of unauthorized possession of property/theft in violation of B-215 and sanctioned her with 40 days of lost earned credit time. The conduct report completed by Program Director John Schrader states as follows:

> On 6-11-15 1:00PM I - Program Director Jon F. Schrader - reviewed nine bound documents submitted by Shawntrell Norington - #138726. Each document is 18 pages. They were copied and bound as if they were legal materials in the Law Library. None qualify as legal mail and none are eligible for copy or binding. Norington is indigent. He [sic] defrauded the state of the value of 147 pages of documents (18 pgs x 9 documents @ 10¢/pg. = $14.70)

(ECF No. 11-1.)

On June 16, 2015, Norington was notified of the charge. (ECF No. 11-4.) The screening report reflects that she pled not guilty, declined a lay advocate, and requested two witnesses: Brittany Franks, the library superintendent and John Harvel. (*Id.*) Norington also requested two items of physical evidence: the law library copy request and the notice of confiscation. (*Id.*)  On June 23, 2015, a hearing officer conducted a disciplinary hearing. On the form designated for an offender's comment, the hearing officer noted, "offender removed from hearing due to being

disruptive and failing to follow[] the disciplinary process (i.e. arguing and failing to properly . . . answer question.) (ECF No. 11-8.) The hearing officer found Norington guilty of unauthorized possession of property. (*Id.*) In making this determination, the hearing officer relied on staff reports, evidence from witnesses, and physical evidence, including the notice of confiscation, remittance slip and photo copies. (See ECF Nos. 11-2, 11-3, 11-5, 11-6, 11-7.) Norington's appeals to the facility head and the final reviewing authority were denied. (ECF Nos. 11-9, 11-10.)

Where prisoners lose good time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Norington raises four claims in her Petition. First, she claims the IDOC staff's action of referring to Norington as a man violated her equal protection rights. Second, Norington asserts her due process rights were violated when she was escorted out of the hearing room for being disruptive. Third, she claims John Schrader wrote the "trumped up charge" in retaliation. And, fourth, she claims there is insufficient evidence to find her guilty of unauthorized possession of property.

To start, Norington alleges that she was discriminated against because the IDOC staff

referred to her as a man even though she is a transgender and identifies as a woman. (ECF No. 1 at 2.) As a threshold matter, this claim only addresses her conditions of confinement, not the fact or length of her custody. Thus, this claim can not be remedied in a habeas petition pursuant to § 2554. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973). Nevertheless, "simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). In her traverse, Norington points out that the hearing officer's actions violated prison policy. However, even if internal rules or policies were violated, this would not entitle Norington to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of prison policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law"). Therefore, IDOC officials referring to Norington as a man does not violate the constitution and does not provide a basis for habeas relief.

Second, Norington claims her due process rights were violated because she was removed from the hearing. She claims that her removal prevented her from submitting documentary evidence and providing a personal statement. However, Norington had the opportunity to request evidence and witnesses before the hearing, which she did. (ECF No. 11-4.) A prisoner has a limited right to call witnesses and present documentary evidence consistent with correctional goals and safety, but she cannot wait until the hearing to request such evidence. *Sweeney v. Parke*, 113 F.3d 716, 719–20 (7th Cir. 1997) (where prisoner had opportunity to request witnesses when he was notified of the disciplinary hearing and chose not to, prisoner's limited

right to call witnesses was fulfilled and his due process rights were not violated), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765–66 (7th Cir. 2001). In fact, all of the evidence and witnesses she requested were presented to the hearing officer for review at the hearing. (ECF Nos. 11-3 through 11-8.) Thus, she was not denied the opportunity to present evidence or witnesses. *Piggie v. McBride*, 277 F.3d 922, 924-25 (7th Cir. 2002). Moreover, Norington does not identify what evidence she was prevented from submitting or how she suffered any prejudice as a result of that unadmitted evidence. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (a prisoner is only entitled to habeas relief if the erroneous denial of evidence was harmful and caused actual prejudice). In her traverse, Norington argues that her removal was against prison policy. But, as pointed out above, that would not entitle her to federal habeas relief. *Estelle*, 502 U.S. at 67–68.

Norington was given the opportunity to be heard at the hearing. However, she forfeited her right to provide a personal statement by being disruptive. Criminal defendants who refuse to behave in an appropriate manner forfeit their right to be present or to present a defense. *Illinois v. Allen*, 397 U.S. 337, 345–46 (1970). An offender in a prison disciplinary proceeding does not receive the full panoply of rights as in a criminal trial. *Wolff*, 418 U.S. at 556. Thus, Norington's argumentative and disruptive behavior amounted to a waiver of her right to be present and provide a statement. *See Griffin v. Spratt*, 969 F.2d 16, 20 (3d Cir. 1992) (reasoning that if a certain act is not a due process violation in a criminal proceeding, it follows that the same act is not a due process violation in a prison disciplinary proceeding). Thus, Norington was not denied due process with respect to her opportunity to present evidence, witnesses, or her own statement.

Third, Norington claims that her rights were violated because the charge was initiated by

staff for retaliatory reasons. "[P]risoners are entitled to be free from arbitrary actions of prison officials." *McPherson*, 188 F.3d at 787. Here, Norington cites to no evidence and provides no argument from which retaliation may be inferred. Nevertheless, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id.* In other words, the protections to which Norington was entitled are the protections afforded by *Wolff*, and her claim that the charge was false does not itself entitle her to federal habeas relief. Liberally construed, her claim is more akin to the evidence was insufficient to find her guilty, which is addressed below.

Finally, Norington claims that her conviction of unauthorized possession of property is not supported by the evidence. This offense is defined as, "unauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another." http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf (last visited 10-07-16). In reviewing the hearing officer's decision, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56. In this case, there was sufficient evidence in the record to support the conclusion reached by the hearing officer. The conduct report states that Norington copied and bound nine documents, and that none of the documents qualified for legal mail or were eligible for copying or binding. (ECF No. 11-1.) This conclusion follows the IDOC's policy regarding, "Offender Access to the Courts," which states

"Offenders shall be permitted to make copies only of court documents that are necessary for either initial or pending litigation." (ECF No. 11-12 at 2.) Norington concedes that the 18-page "Notice of Violation" packet was not intended to be submitted to a court for litigation. (ECF No. 12 at 17.) Instead, she concedes that it was going to be sent to various IDOC officials through internal mail. (*Id.*; *See* ECF No. 11-2.) In her traverse, Norington argues that the "Notice of Violation" she had copied and bound was an attempt to exhaust her administrative remedies. (ECF No. 12 at 17.) However, the IDOC's grievance process does not require offenders to copy and serve such documents. And, to the extent she claims that she is attempting to exhaust her administrative remedies for federal court litigation, federal courts would not require the copying and binding of these documents either. Thus, copying and binding the "Notice of Violation" was not required for Norington to exhaust her administrative remedies. Ultimately, the "Notice of Violation" packet is not considered to be a legal document and certainly was not going to be submitted to a court. (ECF No. 11-2). Thus, Norington was not permitted to make copies of it at the State's expense. (*Id.*)

Norington argues that law library staff gave her permission for the copying and binding by not denying her request to do so. (*See* ECF No. 11-7) However, Norington's own witness, Britney Franks, the law librarian, stated, "[t]he documents that Norington had bound should not have been bound together because they are not legal mail to be sent to the courts." (ECF No. 11-5.) There is no evidence that the prison library staff member who carried out Norington's copying request knew that the documents were non-legal documents not intended for litigation. Nevertheless, it would be unworkable to hold the IDOC responsible to independently screen and verify every document to determine if it is intended to be filed in court. There is simply no way

for IDOC staff to determine if a document is intended to be filed based on the appearance of the document alone. Thus, this burden must lie with the offender. At the end of the day, Norington had the State pay for copying and binding non-legal documents that were not intended for litigation. This is improper. Thus, there is some evidence in the record supporting the hearing officer's finding that Norington is guilty of unauthorized possession of property/theft. *Hill*, 472 U.S. at 454.

For the foregoing reasons, this Habeas Corpus Petition [ECF No. 1] is **DENIED**.

SO ORDERED on October 28, 2016.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION